## HENRY STILLWELL

### *v.*

## GEORGE BARNETT.

TRESPASS *to realty—of exemplary damages.* In an action of trespass *quare clausum fregit,* to entitle the plaintiff to recover vindictive damages, it should appear that the trespass was wanton, wilful or malicious.

APPEAL from the Circuit Court of Cook county.

Mr. CONSIDER H. WILLETT, for the appellant.

Mr. F. A. MORAN, for the appellee.

Per CURIAM: This was an action of trespass *quare clausum fregit*, brought by appellee against appellant.

Upon the trial it was a disputed question, under the evidence, whether there was even a technical trespass shown by appellee. The court, on behalf of appellee, gave to the jury the following instruction:

"If the jury shall believe, from the evidence, that the defendant is guilty under the evidence and instructions of the court, then, in assessing the damages, the jury is not confined to the actual damages suffered by the plaintiff; but the jury may give, in addition to such actual damages as they shall find, from the evidence, that plaintiff has suffered, *such further damages as the jury shall believe proper to punish the defendant.*"

This instruction declares the right of the jury to assess vindictive damages, irrespective of the question whether the trespass was wanton, wilful or malicious, and, for that reason, is wrong.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*